# EXHIBIT B

```
Doc Anthony Anderson III   (SBN 175000)
Law Offices of Doc Anthony Anderson III        2011 MAR -2 PM 1:03
402 West Broadway, Suite 400
San Diego, CA   92101
Telephone (619) 615-6580
Facsimile (619) 615-6582
E-Mail    ShaftSavr@aol.com
```

Attorney for Plaintiff Mark V. Stewart

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| Mark V. Stewart, <br><br> Plaintiff, <br><br> vs. <br><br> DynCorp International and DOES 1 - 10, INCLUSIVE, <br><br> Defendants. | Case No.: 37-2011-00086839-CU-BC-CTL <br><br> **COMPLAINT FOR DAMAGES FOR BREACH OF ORAL CONTRACT; FRAUD IN THE INDUCEMENT OF CONTRACT; NEGLIGENT MISREPREESENTATION** <br><br> [Unlimited – Exceeds $25,000.00] <br><br> **JURY DEMAND** |

Plaintiff demands a jury trial and alleges as follows:

### I.

### GENERAL ALLEGATIONS

1. At all times mentioned in this complaint, Mark V. Stewart (hereinafter "Plaintiff") was and is a resident of the County of San Diego and State of California.

///////

2. At all times mentioned in this complaint, Defendant DynCorp International (hereinafter "Defendant") was and is a corporation existing under the laws of the State of California and authorized under the laws of this state to conduct business in this state as, among other things, to provide global government services in support of the United States national and foreign policy objectives that include, among others, fielding teams of technicians to maintain military aircraft for all branches of the U.S. Armed Forces; recruiting, training and managing civilian peacekeepers and police trainers; providing support to protect American diplomats; and providing logistics and contingency support to the U.S. military and its allies.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiff. Plaintiff will amend this complaint and insert said true names and capacities when they are ascertained. Plaintiff is informed and believe, and upon such information and belief thereon allege, that each such fictitiously-named defendants designated herein are liable to Plaintiff in some manner for the acts, events, happenings, and occurrences alleged herein which have caused injury, if any, and damage, if any, as a result of said defendant's relationship to the named Defendant herein, or by the participation in said acts, events, happenings, and occurrences, and are therefore responsible to Plaintiff, all as hereinafter set forth.

///////
///////
///////

## II.

## **FACTUAL ALLEGATIONS**

4. Plaintiff was hired by the Defendant on or about December 11, 2009 as a plumber. Plaintiff worked for the Defendant in Afghanistan at the Kandahar Air field.

5. Between December and March 2009, the shop in which Plaintiff was working lost most of its supervisors due transfers to other camps and transfers back to the United States. Necessity caused Plaintiff to continue his work as a plumber and perform additional duties created by the vacant supervisor positions. One of those additional supervisor duties required Plaintiff to work in the shop administrative office where he established a material and tool catalog to track and order shop assets and materials. The Defendant and its employees and agents were impressed with Plaintiff's performance as an acting supervisor.

6. On or about April 2010, the then supervisor, Brandon Riley, was scheduled to take a vacation leaving the shop without any supervisors. Management advised Riley to find someone in the shop to take responsibility for the shop while he was gone on vacation. Riley asked Plaintiff to take on this supervisory position and Plaintiff agreed with the understanding between he and Riley that he, Plaintiff, would be promoted to either foremen or supervisor upon Riley's return from vacation.

7. After Riley returned from vacation Plaintiff was offered the position of Plumbing Foreman by Riley at a salary of $95,000.00 per year. Plaintiff accepted the offer, and the offer and acceptance was reduced to a writing known as a

"Personnel Action Form" signed and executed by his supervisor Brandon Riley, his site manager Angela Ham, Scott Mount representing "Operations," Chett Hymas representing "Finance" and Silverera Sweet representing "Project Controls." The "Personnel Action Form" was dated April 28, 2010.

8. The "Personnel Action Form" clearly indicated that Plaintiff's promotion was to "fill (the) spot that has been opened due to Mr. George Garcia Plumbing Foreman Being relocated to Camp Stone" ... and that Plaintiff had taken on the duties and responsibilities of the position vacated by Garcia. The "Personnel Action Form" also indicated that Plaintiff be hired for either as a Plumbing Foreman position or Plumbing Supervisor position at a salary range of between $95,000.00 - $100,000.00 per year.

9. Plaintiff continued to work in the position and perform the duties of a Plumbing Foreman/Supervisor without receiving the pay associated with the position.

10. Plaintiff was told that the reason that he had not received the requisite pay for the Plumbing Foreman/Supervisor Position was because the Human Resources Department had not received a "requisition number" necessitating the raise in pay. However, Plaintiff was informed by his management supervisors, i.e., Brandon Riley (his direct supervisor), Dave Cannaliato (Operations and Maintenance Supervisor) and Angela Ham (the Site Manager) that Plaintiff was well deserving of the promotion and they all required Plaintiff to continue working in the position of Plumbing Foreman/Supervisor noting that Plaintiff would receive the commensurate pay and associated back pay regarding

1  the Plumbing Foreman/Supervisor Position as soon as the
2  appropriate requisition number was received by the Human
3  Resources Department.
4      11. During this time, including the date Plaintiff agreed
5  to and accepted the promotion, the Defendant, including
6  Plaintiff's management supervisors, knew or had knowledge to the
7  effect that Plaintiff was leaving the project on December 12,
8  2010.
9      12. Comes December 12, 2010, Plaintiff have as of yet to
10 receive any pay associated with his agreed upon promotion even
11 after again being promised such by his management supervisors
12 and others representing the Defendant including Tommy James,
13 Defendant's Regional Site manager/ Deputy Project Manager and
14 Daniel Huff, Defendant's Human Resources Director in
15 Afghanistan.
16     13. It is significant to note that the Defendant's
17 Operations and Management Manager, Dave Cannaliato, and its
18 Human Resources Director for Defendant in Afghanistan, Daniel
19 Huff, offered Plaintiff the employment position as the
20 Operations and Maintenance Supervisor at a salary of
21 $120,000.00, since he had also been performing duties of that
22 position since April 28, 2010. Plaintiff departed Defendant's
23 employment before accepting the offered position.
24                              III.
25                      **FIRST CAUSE OF ACTION**
26                      **BREACH OF ORAL CONTRACT**
27     14. Plaintiffs refer to the allegations contained in
28 paragraphs 1 through 13 of this complaint, and incorporate said

allegations herein as though set forth in full.

15. As set forth above on the date indicated, Plaintiff executed and entered into an oral employment contract/agreement for services to be provided the Defendant as noted herein above. Thereafter, the Defendant, including his employees and agents noted herein above, has summarily and without proper justification failed to abide by said oral contract/agreement described herein.

16. Plaintiff has performed, if not was willing and able to perform, all conditions, covenants, and promises required to be performed on his part in accordance with and under the terms and conditions of said oral contract/agreement in that he would perform the duties of a Plumbing Foreman/Supervisor as a result of the agreed upon promotion dated April 28, 2010.

17. The Defendant, including its employees and agents as noted herein above, breached said contract/agreement by refusing to abide by the terms and conditions of the contract/agreement including, requiring Plaintiff to perform the duties of a Plumbing Foreman at a yearly salary range of $95,000.00 - $100,000.00 starting April 28, 2010. Plaintiff accepted the offer, and the offer and acceptance was reduced to a writing known as a "Personnel Action Form" signed and executed by the Defendant's employees and agents Brandon Riley then Plaintiff's supervisor, his site manager Angela Ham, Scott Mount representing "Operations," Chett Hymas representing "Finance" and Silverera Sweet representing "Project Controls."

18. Plaintiff has worked in the position and performed the duties of a Plumbing Foreman/Supervisor without receiving the

pay associated with the Plumbing Foreman/Supervisor position starting April 28, 2010 up until December 12, 2010.

    19. As a direct, foreseeable, and proximate result of said breach of contract/agreement, Plaintiff have suffered, and continues to suffer, substantial damages all subject to an amount to be proven at trial.

## IV.

## SECOND CAUSE OF ACTION

## FRAUD IN THE INDUCEMENT OF CONTRACT

    20. Plaintiff refers to the allegations contained in paragraphs 1 through 19 of this Complaint, and incorporate said allegations herein as though set forth in full.

    21. As herein described above Plaintiff and the Defendant, including its agents and employees mentioned herein above, Brandon Riley, Plaintiff's then immediate Supervisor, his site manager Angela Ham, Scott Mount representing "Operations," Chett Hymas representing "Finance" and Silverera Sweet representing "Project Controls" consummated and executed an oral contract/agreement between themselves on behalf of the Defendant with Plaintiff. The contract/agreement was consummated on April 28, 2010 wherein Plaintiff was to perform the duties of a Plumbing Foreman/Supervisor at a yearly salary range o $95,000 - $100,000.00.

    22. Plaintiff is informed and believes, and thereon alleges, the Defendant, represented by its employees and agents herein described executed the employment contract/agreement with the express purpose and intent to deceive and defraud Plaintiff and to induce Plaintiff to enter into the above described

1  contract/agreement and to perform the duties of a Plumbing
2  Foreman/Supervisor at a yearly salary range of $95,000.00 -
3  $100,000.00.
4      23.  Plaintiff was induced, at his detriment, to rely on
5  the promises of the Defendant, including its employees and
6  agents, in the consummation of the employment
7  contract/agreement, and Plaintiff would not have entered into
8  the above-described contract/agreement if it was known that the
9  Defendant and its employees and agents were not intending to
10 abide by their promises and the conditions and covenants of the
11 employment contract/agreement.  The reliance by Plaintiff was
12 justified because Defendant, including its employees and agents
13 was in a position of advantage with respect to knowledge of
14 facts in regard to how Plaintiff would perform at the time of
15 contracting.
16     24.  As a direct and proximate result of the wrongful
17 misrepresentations and concealment of facts related to the
18 above-described employment contract/agreement, Plaintiff have
19 been forced to retain attorneys and incur substantial costs and
20 expenses, including consequential damages, in an attempt to
21 obtain the benefits under the employment contract/agreement
22 herein described, which Plaintiff is entitled to be compensated
23 under California law.  As such, Plaintiff prays judgment in an
24 amount within the jurisdictional limit of this court, not yet
25 ascertainable, but will be established at time of trial.
26 ///////
27 ///////
28 ///////

# V.

## THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

25. Plaintiffs refer to the allegations contained in paragraphs 1 through 24 of this Complaint, and incorporate said allegations herein as though set forth in full.

26. The Defendant, including its employees and agents described herein above, made promises and representations to Plaintiff as discussed herein above. However, the Defendant, including its employees and agents, knew that said representations were at least false and fraudulent at the time they were made and such false and fraudulent representations were made for the express purpose of inducing Plaintiff to rely upon said representations pertaining to the employment with Defendant.

27. The Defendant, including its employees and agents, made the above-mentioned promises and representations with no reasonable ground for believing them to be true. The Defendant and its employees and agents were at least negligent in making the representations and promises made to Plaintiff concerning employment with the Defendant. These promises and representations were made by the Defendant and its employees and agents with the intent to induce Plaintiff to act in the manner herein alleged.

28. The Defendant and its employees and agents as noted herein made the above-mentioned promises and representations with no reasonable ground for believing them to be true, in that Plaintiff is informed and believe and thereon allege, the

1  Defendant, including its employees and agents had no accurate
2  information to believe they could indeed complete the promises
3  and covenants concerning employment with the Defendant.
4       29.  Plaintiff, at the times these promises and
5  representations were made by Defendant, including its employees
6  and agents noted herein, and at the time Plaintiff took the
7  actions as noted herein described, was ignorant of the falsity
8  of the Defendant's and its employees' and agents' promises and
9  representations and believed them to be true.  In reliance on
10 these representations, Plaintiff was induced to, and did, take
11 the actions described herein above.  Plaintiff's reliance on the
12 Defendant's and its Employees' and agents' promises and
13 representations were justified.
14      30.  As a proximate result of the Defendant's, including
15 its employees' and agents', at least, negligent
16 misrepresentations of fact, Plaintiff has been forced to retain
17 attorneys and incur substantial costs and expenses, including
18 consequential damages, all subject to an amount to be proven at
19 trial.
20      **WHEREFORE**, Plaintiffs prays for judgment against the
21 Defendant as follows;
22      1.   For actual and compensatory damages, including front
23 and back pay against the Defendant in a sum subject to proof at
24 the time of trial;
25      2.   For pre-judgment interest owed to Plaintiff pursuant
26 to Code;
27      3.   For special and consequential damages in a sum subject
28 to proof at the time of trial;

4. For reasonable attorney's fees pursuant to Code;

5. For cost of suit herein incurred;

6. For general damages in a sum subject to proof at the time of trial;

7. For such other and further relief as the Court deems proper.

DATE: March 1, 2011           **LAW OFFICES OF DOC ANTHONY ANDERSON III**

By: _____
Doc Anthony Anderson III, Esq.
Attorney for Plaintiff